IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SPARK CONNECTED, LLC, <br> KEN MOORE, EMANUEL STINGU, <br> And RUWANGA DASSANAYAKE, <br><br> Plaintiffs and Counter-Defendants, <br><br> v. <br><br> SEMTECH CORPORATION, <br><br> Defendant and Counter-Plaintiff. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 4:18-cv-748-ALM-KPJ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Spark Connected, LLC, Ken Moore, Emanuel Stingu, and Ruwanga Dassanayake's (together, "Plaintiffs") Amended Motion for Leave to File First Amended Complaint (the "Motion") (Dkt. 104), to which Defendant Semtech Corporation ("Semtech") filed a response (Dkt. 119), and Plaintiffs filed a reply (Dkt. 128). In the Motion, Plaintiffs seek to add two causes of action: (1) tortious interference with prospective business relations; and (2) business disparagement. *See* Dkt. 104 at 1. Defendants argue leave to amend should be denied as futile because the claims are barred by Texas's litigation privilege. *See* Dkt. 119 at 2–6. In the reply, Plaintiffs argue: (1) the litigation privilege does not apply; (2) Semtech's futility argument is, in fact, an affirmative defense, which is more properly addressed at the motion for summary judgment stage. *See* Dkt. 128 at 1–5.

As the Fifth Circuit recently held, "Federal Rule of Civil Procedure 15(a)(2) states that the district 'court should freely give leave [to amend] when justice so requires.' '[T]he language of this rule "evinces a bias in favor of granting leave to amend,"' and '[a] district court must possess a "substantial reason" to deny a request.'" *SGK Properties, L.L.C. v. U.S. Bank Nat'l Assoc. for*

*Lehman Brothers Small Balance Comm. Mortgage Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944 (5th Cir 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). Courts are "entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party[], and futility of the amendment.'" *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id*. (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

Texas's litigation privilege is a form of qualified immunity. *See Sacks v. Zimmerman*, 401 S.W.3d 336 (Tex. App.—Houston [14th Dist] 2013) (explaining contours of litigation privilege in invasion of privacy suit); *see also Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 345–348 (5th Cir. 2016) (describing role of discovery in litigation privilege suits); *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988 (5th Cir. 1999). In this case, Semtech asserts that the litigation privilege bars Plaintiffs' claims because the statements which form the basis for Plaintiffs' tortious interference with prospective business relations and business disparagement claims are related to legal proceedings, and thus, fall within the categories of privileged communications. *See* Dkt. 119 at 4. At this early stage of proceedings, and on the limited briefing before the Court, there has not been a sufficient showing that the allegations are barred by Semtech's asserted immunity. Thus, Semtech fails to demonstrate that amendment is futile. The Court further finds Semtech asserted no undue delay, bad faith, or dilatory motive on Plaintiffs' part, nor alleged any prejudice as a result of amendment.

The Motion (Dkt. 104) is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint (Dkt. 105) is deemed filed.

**IT IS SO ORDERED**.

**SIGNED this 19th day of August, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE